IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

BENNON L. PRINE, JR.

    Plaintiff,

v.

CHAILLAND INC., et al.,

    Defendants.

CIVIL CASE NO.
3:09-CV-4-JTC

**O R D E R**

This matter is currently before the Court on the motions to dismiss filed by Defendant Lumbermen's Underwriting Alliance ("Lumbermen") [# 2] and Defendant Donald Water [# 7].[1]  Plaintiff brought this action *pro se* against a number of defendants alleging violations of the State and Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), a claim for workers compensation benefits pursuant to O.C.G.A. § 34-9-1, and various state law torts.  Each of Plaintiff's claims arises out of Defendants' alleged efforts to obstruct and prevent him from receiving workers' compensation benefits, to

---

[1] Defendants Chailland, Inc. and Ann Morgan-Mitchell [# 8], Cambridge Integrated Services Group, Inc. and Robin DeMello [# 16], and Hospital Ambulance, LLC and Edward Wingard [# 28] all adopted the motion to dismiss filed by Defendant Lumbermen.

1

which he claims he is entitled.[2]  Defendants move to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The Court **GRANTS** Defendants' motions to dismiss.

## I.    Factual Background[3]

### A.    The Parties to this Dispute

Plaintiff is an Emergency Medical Technician ("EMT") working in Georgia.  (Pl.'s Compl. at ¶ 11-12.)  Plaintiff is employed by Defendant Chailland, who provides EMTs to other companies.  (Id. at ¶ 15.)  Defendant Ann Morgan-Mitchell is an employee of Defendant Chailland.  (Id. at ¶ 22.)

Defendant Hospital Ambulance is an ambulance service in Georgia.  (Id. at ¶ 17.)  Defendant Chailland provides EMTs for Defendant Hospital Ambulance.  (Id. at ¶ 18.)  Defendant Edward Wingard is the Executive Director of Operations for Defendant Hospital Ambulance, and Defendant

---

[2]  To the extent that Plaintiff's Complaint purports to assert claims on behalf of similarly situated individuals, the Court **DISMISSES** these claims because a plaintiff proceeding *pro se* may not bring claims on behalf of others.  Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005); Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1976); Wesley v. United States Dist. Court for the S. Dist. of Fla., No. 09-23090, 2009 WL 3617814, at *1 (S.D. Fla. Oct. 29, 2009).

[3]  The Court accepts as true the well-pled factual allegations in Plaintiff's Complaint.

Donald Walters is the Director of Operations for Hospital Ambulance. (Id. at ¶¶ 23-4.)

Defendant Lumbermen is an insurance company. (Id. at ¶ 19.) Defendant Cambridge Integrated Services Group, Inc. ("Cambridge") is the insurance servicing agent for Defendant Lumbermen. (Id. at ¶ 20.) Defendant Robin DeMello is an employee of Defendant Cambridge and handled the insurance claim at issue in this dispute. (Id. at ¶ 21.)

### B.   The Incidents Giving Rise to this Dispute

While working as an EMT for Defendant Hospital Ambulance, Plaitniff was dispatched to a hospital to transfer a patient to her private residence. (Id. at ¶ 152(d).) The patient, who weighed approximately 425 pounds, would not fit on the stretcher. (Id.) The combined weight of the patient, the oxygen and related medical apparatus, and stretcher was 565 pounds. (Id. at ¶ 155.) Plaintiff contends that during the course of transporting the patient he injured his wrist and shoulder. (Id. at ¶ 125). Both injuries required surgery. (Id.)

After his injury, one of the Defendants paid Plaintiff temporary total disability benefits in the amount of $450.00 per week for eleven weeks. (Ex. 1 to Pl.'s Compl. at p.1; Pl.'s Compl. at ¶ 125.) Plaintiff also received some medical treatment for his injuries, although it is unclear from the Complaint whether the insurer/employer or the Plaintiff paid for the two surgeries. (Ex.

1 to Pl.'s Compl. at p. 1.)

Eight months after the injury, Defendants refused to pay for Plaintiff's prescription refill. (Pl.'s Compl. at ¶ 125.) In addition, Defendants ceased paying benefits or denied liability for the injury. (Ex. 1 to Pl.'s Compl. at p. 2; Pl.'s Compl. at ¶¶ 130-32.) Plaintiff then served the Georgia State Board of Workers Compensation ("SBWC") and Defendants Hospital Ambulance, Chailland, and Lumbermen with a Form WC-14 Notice of Claim.[4] (Id. at ¶ 26.) Plaintiff also provided Defendants Hospital Ambulance and Chailland with a WC-102 Request for Documents. (Id. at ¶¶ 29, 31.) Subsequently, Plaintiff, filed a motion to compel the requested documents with the SBWC. (Id. at 32.)

An Administrative Law Judge reviewed Plaintiff's motion to compel and Notice of Claim, finding that:

> After a review of the record, I find there are issues of fact and law concerning the employee's request. The employee is alleging an entitlement to workers' compensation benefits and it appears the employer/insurer has, at some point, denied liability for what the employee is requesting. Under these circumstanced, an evidentiary hearing is necessary to determine the relief requested by the employee, and thus, resolution of the issue by motion is not appropriate.
>
> As such, I find an evidentiary hearing is needed to resolve the outstanding issues in this claim. Upon the filing of a Form WC-14 requesting a hearing, the employee may reassert his request for

---

[4] Plaintiff also proceeded *pro se* before the SBWC.

>workers compensation benefits before the Trial Division. Therefore, at this time, I decline to address the merits of the employee's motion.

(Ex. 1 to Pl.'s Compl. at pp. 1-2.)  Plaintiff did not file a new Form WC-14 requesting a hearing.  Instead, Plaintiff initiated this lawsuit alleging State and Federal RICO claims arising out of Defendants' alleged efforts to prevent him from receiving workers' compensation benefits that he contends he is "rightly entitled to, after suffering a compensable injury during employment . . . ." (Pl.'s Compl. at ¶ 5.)  Plaintiff contends that Defendants failed to file the proper forms with the SBWC, submitted fraudulent documents to the SBWC, and conspired to obstruct his efforts to receive workers' compensation benefits.  (Pl.'s Compl. at ¶¶ 53, 114-15.)

## II. Motion to Dismiss Standard

A defendant may assert a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on either facial or factual grounds.  <u>Carmichael v. Kellogg, Brown & Root Services, Inc.</u>, 572 F.3d 1271, 1279 (11th Cir. 2009).  "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint."  <u>Id.</u>  When ruling on a facial challenge, the court accepts the well-pled allegations in the complaint as true.  <u>Id.</u>  "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits."  <u>Id.</u>  Defendants assert a facial challenge

5

to the Court's subject matter jurisdiction; therefore, the Court limits its review to the allegations in the Complaint.  Id.

### III. Analysis

#### A. Plaintiff's Claim for Workers' Compensation Benefits

Plaintiff's Complaint contains a claim for workers compensation benefits pursuant to Georgia's Workers' Compensation Act.  The Georgia Workers' Compensation Act "is designed to provide the exclusive remedy against an employer for injuries by accident arising out of and in the course of employment." Brazier v. Travelers Ins. Co., 602 F. Supp. 541, 544 (N.D. Ga. 1984) (Ward, J.); Apperson v. S. States Coop., No. 6:04cv20, 2005 WL 2290200, at * 2 (M.D. Ga. 2005) ("It is axiomatic that workers' compensation is the exclusive remedy for on-the-job injuries suffered by employees during the course of their employment."); Royal Indemnity Co. v. Ga. Ins. Insolvency Pool, 644 S.E.2d 279, 280 (Ga. Ct. App. 2007).  "The Workers' Compensation Act, thereby bars all suits at common law brought by an employee against her employer for workplace accidents covered by the terms of the statute." Brazier, 602 F. Supp. at 544.  Accordingly, where an employee asserts a claim for on-the-job injuries suffered during the course of his or her employment, such claims are subject to dismissal because the SBWC has exclusive jurisdiction over such claims.  See Royal Indemnity, 644 S.E.2d at 280; see also United Food & Commercial Workers Union v. United Food and

Commercial Workers Int'l Union, 835 F.2d 848, 850 (11th Cir. 1988).

As Plaintiff admits in his Complaint, he seeks redress for an injury that "arose out of, and in the course [of his] employment. . . . " (Pl.'s Compl. at ¶ 121.) The Georgia Workers' Compensation Act provides the exclusive remedy for such a claim, and, thus, Plaintiff must assert this claim before the SBWC. Accordingly, Plaintiff's claim pursuant to the Georgia Workers' Compensation Act is subject to dismissal. The Court **GRANTS** Defendants' Motions to Dismiss [# 2, 7, 8, 16, 28] as to Plaintiff's Claim brought pursuant to O.C.G.A. § 34-9-1.

B.     **Plaintiff's Federal RICO Claims**

Plaintiff alleges that Defendants violated the Federal RICO statutes by preventing him from receiving his workers' compensation benefits. (Pl.'s Compl. at ¶ 5; Pl.'s Br. in Resp. to Defs.' Mot. to Dismiss at p. 21.) Defendants contend that Plaintiff lacks standing to assert RICO claims because the SBWC has yet to determine whether Plaintiff is even entitled to workers' compensation benefits.

Section 1964(c) of Title 18 of the United States Code limits civil RICO actions to individuals "injured in his business or property by reason of a violation" of Section 1962. 18 U.S.C. § 1964(c). A plaintiff may not recover under RICO for losses stemming from personal injury or pecuniary losses that result from a personal injury. Pilkington v. United Airlines, 112 F.3d

7

1532, 1536 (11th Cir. 1997); Moore v. Potter, 114 F. App'x 803, 805 (11th Cir. 2005).  As the United States Court of Appeals for Eleventh Circuit has explained, "the ordinary meaning of the phrase 'injured in his business or property' excludes personal injuries, including the pecuniary losses there from."  Grogan v. Platt, 835 F.2d 844, 847 (11th Cir. 1988).  Thus, a plaintiff only has standing to bring a RICO action when he has been injured in his business or property.  Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496, 105 S. Ct. 3275, 3285 (1985).

Although Defendants assert this issue as one of standing, it is better framed as one of  ripeness.  See Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta, 530 F.3cd 1339, 1350 n.14 (11th Cir. 2008).  As both parties, acknowledge, the SWCB has not determined the value, if any, of the workers' compensation benefits owned to Plaintiff.  In Renta, the Eleventh Circuit explained that:

> whether a plaintiff must pursue other remedies before a RICO
> claim depends on whether those other contingencies are sufficiently likely to mitigate the plaintiff's loss that damages in the RICO case cannot be ascertained, or may not have occurred at all.  RICO need not necessarily be the claim of last resort, but neither can a plaintiff seek to treble damages that he did not actually incur.

Id. at 1351.

Even assuming that the loss of workers' compensation benefits is an

injury to Plaintiff's business or property within the meaning of RICO, Plaintiff's claims are not ripe. The Magistrate Law Judge instructed Plaintiff to file a new Form WC-14 requesting a hearing, so that the SBWC could determinate to what extent, if any, Plaintiff is entitled to workers' compensation benefits. As the Court previously explained, these are questions in the exclusive jurisdiction of the SBWC. See Brazier, 602 F. Supp. at 544; Royal Indemnity, 644 S.E.2d at 280. Until the SBWC renders a decision addressing the merits of Plaintiff's claim, this Court can neither ascertain the scope of Plaintiff's alleged damages or even determine whether any actual loss to his business or property occurred. Accordingly, Plaintiff's RICO claims are not ripe and subject to dismissal. The Court **GRANTS** Defendants' Motions to Dismiss [# 2, 7, 8, 16, 28] as to Plaintiff's Federal RICO Claims and **DISMISSES without prejudice** these claims.

### C.   The Remaining State Law Claims

None of Plaintiff's federal claims remain. Although Plaintiff asserts diversity jurisdiction in addition to federal question and supplement jurisdiction, diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996). Both Plaintiff and a number of the Defendants are citizens of Georgia.

Accordingly, Plaintiff has failed to meet his burden of pleading diversity jurisdiction.  Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).  To the extent any viable state law claim asserted by Plaintiff remains, the Court declines to exercise supplemental jurisdiction over such claims.  See 28 U.S.C. § 1367(c)(3).

### IV. Conclusion

The Court **GRANTS** Defendants' Motions to Dismiss [# 2, 7, 8, 16, 28].  The Court **DISMISSES without prejudice** the claims asserted in Plaintiff's Complaint.  The Court **DIRECTS** the Clerk to **CLOSE** this case.

**SO ORDERED**, this ___16th___ day of March, 2010.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE