UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

No. 10-11706

District Court Docket No.
3:09-cv-00004-JTC

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2010
JOHN LEY
CLERK
```

BENNON L. PRINE, JR.,

    Plaintiff - Appellant,

versus

CHAILLAND INC.,
HOSPITAL AMBULANCE LLC,
LUMBERMEN'S UNDERWRITING ALLIANCE,
DONALD WALTERS,
JOHN AND/OR JANE DOE, et al.,

    Defendants - Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

DEC - 9 2010

James N. Hatten, Clerk
By: _____
Deputy Clerk

Appeal from the United States District Court for the
Northern District of Georgia

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: November 09, 2010
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

ISSUED AS MANDATE
DEC 0 8 2010
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 10-11706
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-00004-JTC

BENNON L. PRINE, JR.,

Plaintiff-Appellant,

versus

CHAILLAND INC.,
HOSPITAL AMBULANCE LLC,
LUMBERMEN'S UNDERWRITING ALLIANCE,
DONALD WALTERS,
JOHN AND/OR JANE DOE, et al.,

Defendants-Appellees.

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

DEC - 9 2010

James N. Hatten, Clerk
By: Deputy Clerk

Appeal from the United States District Court
for the Northern District of Georgia

(November 9, 2010)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Bennon L. Prine, Jr. was a paramedic, working for a company (Chailland) that provides paramedics for an ambulance service in Georgia (Hospital

Ambulance). Prine injured his wrist and shoulder while transporting an overweight patient, requiring surgery. After receiving some temporary worker's compensation benefits, Prine became frustrated by the delay in receiving additional benefits and the administrative process, and abandoned his administrative recourse under Georgia law. Prine filed an action in the district court against Chailland, Hospital Ambulance, their insurers and various other executives with those companies asserting claims for worker's compensation benefits pursuant to Georgia law and claims under the federal Racketeer Influence and Corruption Organizations Act (RICO). The district court dismissed the claims for Georgia's worker's compensation benefits for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The court found that the RICO claims were not ripe, and refused to exercise supplemental jurisdiction over Prine's remaining state law claims. Prine appeals.

We have thoroughly reviewed the record, the briefs, the arguments by Prine and the defendants' counsel, and we are unable to find any error in the judgment of the district court.

First, the district court correctly concluded that the administrative scheme set up by Georgia's Worker's Compensation Act provided Prine his exclusive remedy for claims arising out of his on-the-job injuries. Because the Georgia State

Board of Worker's Compensation ("SBWC") has exclusive jurisdiction over claims under the Workers' Compensation Act, courts "[do] not have jurisdiction to order the payment of workers' compensation benefits." *Royal Indemnity Co. V. Georgia Insurers Insolvency Pool*, 644 S.E.2d 279, 280 (Ga. Ct. App. 2007). We have held that the exclusivity of a state workers' compensation scheme deprives a federal district court of subject matter jurisdiction to the extent that a state court would decline to exercise jurisdiction over an employee's work related claims. *See Connolly v. Maryland Cas. Co.*, 849 F.2d 525, 526–28 (11th Cir. 1988). Georgia's Workers' Compensation Act provides benefits to employees who are injured in accidents "arising out of and in the course of" their employment. *Doss v. Food Lion, Inc.*, 477 S.E.2d 577, 577 (Ga. 1996). When the workers' compensation act applies, it provides an employee's exclusive remedy against his employer, as well as the employer's worker's compensation carrier. *Id.* at 578 (employer); *United States Fire Ins. Co. v. Day*, 221 S.E.2d 467, 469 (Ga. Ct. App. 1975) (insurance carrier).

Since Prine was provided some temporary payments, we note that where an employer makes voluntary payments, the employer cannot controvert the employee's right to compensation unless (1) a notice to controvert is filed with the State Board of Workers' Compensation ("SBWC") within 60 days of the due date

of the first payment of compensation or (2) the notice to controvert is based on a change in condition or newly discovered evidence. O.C.G.A. § 34-9-221(h). Thus, where the employer does not file a notice to controvert within 60 days of the first payment's due date, the employer is barred from controverting liability for the employee's claim unless it can show a change in condition or newly discovered evidence. *Carpet Transp., Inc. v. Pittman*, 370 S.E.2d 651, 655 (Ga. Ct. App. 1988) (holding that § 34-9-221(h) acts as "a 60-day statute of limitation, the running of which protects the employee's right to continued compensation from attack by the employer's/insurer's 'except' on the specified grounds"). However, the Workers' Compensation Act also allows an employer to unilaterally suspend benefits if (1) an employee's treating physician releases him to return to work with restrictions; (2) the employer proffers a suitable job; (3) the employee refuses to attempt the proffered job; and (4) the employer files appropriate documentation with the SBWC. O.C.G.A. § 34-9-240(b).

Here, the pleadings reflect that although Prine was contacted twice about returning to work in a light-duty position, Prine declined to avail himself of this opportunity. Under such a circumstance, his employer had the right to unilaterally suspend benefit payments if it followed certain requirements under O.C.G.A. § 34-9-240(b)(2). However, the extent of employer liability is within the exclusive

jurisdiction of the SBWC. The SBWC must be afforded the opportunity to determine the value, if any, of the worker's compensation benefits owed to Prine. Since the SBWC never resolved employer liability, we find that the district court correctly determined that it lacked jurisdiction to order the employer to make worker's compensation benefit payments. Prine's claims were dismissed without prejudice, providing him an opportunity to return to the Georgia SBWC where he can file a new Form WC-14, requesting an administrative hearing.

Accordingly, we conclude that the district court correctly found that it did not have jurisdiction to order the defendants to pay Georgia workers' compensation benefits because the SBWC has exclusive jurisdiction over claims under Georgia's Workers' Compensation Act, and the workers' compensation scheme provides a remedy for the alleged intentional delay in making payments to Prine.

Next, as to Prine's argument that the district court applied the wrong standard when evaluating the ripeness of his RICO claims, we similarly find no error because it is clear that resolution of the RICO claims is dependent on the resolution of the worker's compensation claims. "The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Digital Props., Inc. v. City of Plantation*,

121 F.3d 586, 589 (11th Cir. 1997). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 1259 (1998) (quotation omitted). Because pursuing recovery through the SBWC could mitigate any injury alleged by Prine such that his RICO damages cannot be ascertained, or may not have occurred at all, Prine's RICO claim was not ripe for review. *See Liquidation Comm'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1351 (11th Cir. 2008).

Finally, Prine appears to contend that there was error in the dismissal of his state law claims. Prine's state law claims included allegations of unjust enrichment, unfair deceptive acts or practices in the business of insurance, and intentional infliction of emotional distress. On appeal, Prine asserts in a section heading that the district court had jurisdiction over all of his claims, but he offers no argument addressing the district court's refusal to exercise supplemental jurisdiction over his state law claims. Although we liberally construe *pro se* pleadings, a *pro se* litigant abandons an issue where he does not brief it on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We doubt, in any event, that there was any abuse of discretion arising from the district court's dismissal of the state-law claims, since 28 U.S.C. § 1367(c)(3) allows district

courts to decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it had original jurisdiction."

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia